UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                              Case No. 05-cr-11-pp

LAWRENCE T. TURNER,

    Defendant.

---

**ORDER DENYING MOTION FOR RECONSIDERATION (DKT. NO. 257)**

---

Over fourteen years ago, law enforcement seized some $42,000 from the defendant's residence. In January of this year, the defendant asked the court to order that money returned to him. Dkt. No. 247. The government responded that the Drug Enforcement Administration had administratively forfeited the currency in 2005. Dkt. No. 252. The government noted that it was far too late for the defendant to challenge that forfeiture. Id. The court agreed and denied the defendant's motion. Dkt. No. 256.

Now the defendant asks the court to reconsider that order, stating that he never received notice that the DEA intended to forfeit the money. Dkt. No. 257. The court will deny the motion to reconsider.

As an initial matter, the defendant has not stated a rule or statute that allows the court to "reconsider" its decision. Fed. R. Crim. P. 36 says that a court "may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or

1

omission." The defendant does not mention Rule 36, but even if Rule 36 is the basis for his motion, he has not identified a clerical error or a record error for the court to correct. He simply disagrees with the court's decision. A party who disagrees with a court's decision may appeal that decision to a higher court.

Even assuming the court has the authority to change its mind and issue a different decision, it has no reason to do so. The defendant first argues that this court has "jurisdiction" to order the money returned to him "due to the fact F.B.I. Agent Brown recently in February 2018 sent notice about the jewelery that was taken at the same place and time as the money to Turner address that was listed on his driver license address the address 2480 W. Lloyd, Milwaukee, Wisconsin 53205." Id. at 1. The fact that a law enforcement agent returned some previously-seized jewelry to the defendant does not give this court "jurisdiction" to order forfeited money to be returned. This court's "jurisdiction"—it's authority to take legal actions—comes from the United States Constitution and from statutes. The law that gives this court the authority to set aside a forfeiture is 18 U.S.C. §983(e), which says that "[a] motion under this subsection shall be the *exclusive remedy* for seeking to set aside a declaration of forfeiture under a civil forfeiture statute." That's just another way of saying that the only way this court can set aside the administrative forfeiture of the defendant's money is if the defendant files a motion under §983(e), and if the motion meets the requirements of that statute. Because the defendant is representing himself, the court can give him a little leniency, and construe his January 2019 motion as a motion under §983(e).

But the court can't grant that motion, because the defendant filed it too late; §983(e)(3) says that someone trying to set aside a forfeiture must file the §983 motion "not later than 5 years after the date of final publication of notice of seizure of the property." The government had indicated that the date of final publication was February 28, 2005, dkt. no. 252 at 5; the court did not receive the defendant's request for the return of the money until January 3, 2019—thirteen years and ten months after the final publication date. By any measure, the defendant filed his motion too late.

Even if the defendant had timely filed his §983(e) motion, his arguments about defective notice would not have been successful. The defendant says that he did not receive any of the notices of forfeiture the DEA sent to him. He says that while the DEA sent a notice to his residence on North 40th Street, he and his significant other were estranged at the time, so she didn't forward that notice to him. Dkt. No. 257 at 2. He says that he did not get a copy of the notice the DEA sent to the drug house on North 44th Street, because the person who lived there was cooperating with the government and not in contact with the defendant. Id. He says that he didn't get the notice sent to him at the Dodge County Jail, because the jail had processed him under a different name and the notice did not contain his prisoner identification number. Id. He insists that there were two other addresses the DEA should have tried—the address on his driver's license (West Lloyd Street), and the address he provided as his emergency contact address at the time of his arrest (his grandmother's address on North 19th Street). Id. He also says that while the DEA published notice in

3

the Wall Street Journal, that is a "N.Y. Publication," and all he had access to in the jail was a Wisconsin newspaper. Id.

"Due process requires only that notice of a seizure and impending administrative forfeiture be "'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" Mohammad v. U.S., 169 Fed. App'x 475, 481 (7th Cir. 2006) (quoting Lobzun v. United States, 422 F.3d 503, 507 (7th Cir. 2005)). "Absent exceptional circumstances, written notice of forfeiture by certified mail to the claimant's residence satisfies due process, even if the claimant does not receive actual notice." Lobzun, 422 F.3d at 507 (citations omitted). Due process is not satisfied if the "notifying party knew or had reason to know that the notice would be ineffective." Id. (quoting Krecioch v. United States, 221 F.3d 976, 980 (7th Cir. 2000)).

The DEA did more than just send the written notice to the defendant's residence by certified mail (which, as the courts above have held, was constitutionally sufficient). It also sent written notice to the drug house and to the jail. The government has indicated that someone signed for the notice at all three locations. The defendant has not alleged that the DEA knew that he and his significant other were on the outs and that she wouldn't send him the notice. He has not alleged that the DEA knew that no one at the drug house would send him the notice. He has not alleged that the DEA knew that he would not get the notice at the jail. And while the Wall Street Journal may be based in New York City, it is available—and read—all over the world, including

4

by many Wisconsin residents. The defendant has not alleged that the DEA knew that inmates at the jail did not have access to the Wall Street Journal.

Even if the defendant had timely filed his motion, he would not be able to demonstrate that the notice the DEA gave violated due process. And there is no requirement that the DEA had to send the notice to every possible, conceivable address the defendant ever may have listed anywhere. They sent it to three places they knew he'd been—his residence, the drug house and the jail. That was more than sufficient.

The court **DENIES** the defendant's motion for reconsideration. Dkt. No. 257.

Dated in Milwaukee, Wisconsin this 12th day of April, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**