UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                      Case No. 05-cr-11-pp

LAWRENCE T. TURNER,

    Defendant.

---

**ORDER DENYING DEFENDANT'S LETTER MOTION TO RESTRICT AND TO ISSUE ORDER (DKT. NO. 290)**

---

On March 26, 2020, the court received a letter from the defendant, asking the court to "seal or order [his] case be taken off Lexis + Nexis" because he has twice been assaulted by other inmates because they read about his case on LexisNexis. Dkt. No. 290.

This court can restrict a document on its docket from viewing by anyone but the parties. It can't restrict documents on the dockets of other courts (like the Seventh Circuit Court of Appeals). Even if this court were to seal any orders that are on this court's docket, however, it would not remove those orders from public databases like LexisNexis. See, *e.g.*, United States v. Anderson, Nos. 11cr231, 12cv1168 and 14cv126, 2015 WL 11111065, at *1 (E.D. Va. Mar. 16, 2015). Once a decision or order has been published in a public legal database, the "cat is out of the bag," as the judge in the Anderson case stated. Even if this court were to seal orders on its docket, the orders would remain on the public legal databases. The only way to have prevented this problem would

1

have been for the defendant to ask to seal any orders at the time the court issued them.

While it would be futile for the court to grant the defendant's request, the court urges the defendant to notify the security staff at any facility where he may be moved about the issues he has faced.

The court **DENIES** the defendant's letter motion to seal and issue an order. Dkt. No. 290.

Dated in Milwaukee, Wisconsin this 6th day of April, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**